**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **ANTWON CORNELIUS JONES** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00863** |
| | ) | |
| **OFFICER LYSSED PACHECO** | ) | |

**TO: Honorable Eli Richardson, United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 5, 2026 (Docket Entry No. 12), this *pro se* civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 4). Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be **GRANTED** and that this action be **DISMISSED**.

### I. BACKGROUND

Antwon Jones ("Plaintiff) is a resident of Clarksville, Tennessee. On June 8, 2024, he filed a *pro se* lawsuit in the Circuit Court for Montgomery County, Tennessee, against Clarksville Police Department Officer Lyssed Pacheco ("Defendant"). *See* Docket Entry No. 1-1. Plaintiff seeks 2.5 million dollars in damages under 42 U.S.C. § 1983 based on claims that his civil rights were violated by Defendant. Defendant timely removed the lawsuit to federal court on the basis of federal question jurisdiction, *see* Notice of Removal (Docket Entry No. 1), and thereafter filed the pending motion to dismiss in lieu of an answer.

Plaintiff's handwritten complaint sets out a narrative of events and he further attaches to his complaint a three page, typed letter, dated June 5, 2024, that is directed to a state court judge,

as well as copies of two handwritten motions that appear to have been filed in state criminal court. Although the underlying facts of the case are not clearly set out, Plaintiff's lawsuit is based upon his interactions with Defendant that occurred when he was arrested by Defendant after traffic stops in Clarksville on March 8, 2023, and May 20, 2023, respectively. On both occasions, Plaintiff was stopped by Defendant for having either a broken taillight or an improper taillight. On the first occasion, Plaintiff was arrested after the stop and was taken into custody for driving on a suspended/revoked license. On the second occasion, Plaintiff refused to exit the vehicle after being stopped. After other officers arrived on the scene, Plaintiff was ultimately removed from the vehicle and a canine search around the vehicle occurred. The canine alerted to the presence of drugs in the vehicle and drug paraphernalia was discovered in the vehicle console after a search of the vehicle. Plaintiff was then arrested for improper vehicle lights, resisting arrest, and possession of unlawful drug paraphernalia. Plaintiff was again taken into custody. Although somewhat unclear, it appears that Plaintiff was taken into custody and booked/processed at the local jail after each arrest and released on bond. There are no allegations that Plaintiff was in custody other than the time periods between his arrests and his release on bond after being processed/booked in the charges.

Plaintiff disputes the legitimacy of the two traffic stops, contending that he had red "lens tape" covering his broken taillight, which he asserts that he used after having been stopped by another officer on a previous occasion three days earlier and told by the officer to use the "lens tape" to cover the taillight. He contends that Defendant's reason for stopping him was "made up," and he further disputes that his license was suspended, contending that it was actually a restricted license but that Defendant ignored the paperwork. He further contends that Defendant

changed her arrest report on the first occasion to justify the stop. Plaintiff contends that Defendant "stalked" him on the second occasion and that it was a conflict of interest for Defendant to stop him and ask him to exit his vehicle given what had occurred during the prior traffic stop. He asserts that he demanded to call his lawyer and that he was not required to exit his vehicle, but that other officers were called to the scene and that he was pulled out of his vehicle without being asked any questions. Plaintiff contends that body-cam footage from the officers would verify his account of what occurred.

Again, although somewhat unclear from the complaint, it appears that the charge from the first arrest was dismissed on June 6, 2023, and that the charges from the second arrest were "bound over" in May 2023 after a court appearance. *See* Docket Entry 1-1 at 11.[1] Plaintiff also makes allegations directed at the state court proceedings, alleging that that documents in the state proceedings were forged, that he did not agree to waive a preliminary hearing, that he has had to represent himself, and that he has been denied body-cam footage from the officers.

Based upon these events, Plaintiff asserts that following claims against Defendant under Section 1983: 1) false imprisonment (twice); 2) false arrest; 3) excessive force/assault; 4) unlawful search; 5) "conspiracy against rights;" 6) stalking; and, 7) "Fourth Amendment Constitutional Right of the Valley State Officials." *Id*. at 3.[2]

## II. MOTION TO DISMISS, RESPONSE, AND REPLY

---

[1] The state court records provided by Defendant with her motion to dismiss indicate that the charges arising out of the second arrest were ultimately dismissed in April 2025. *See* Docket Entry No. 5-4 at 4.

[2] Although Plaintiff's list of claims enumerates eight claims, he actually sets out only seven claims. Further, although Plaintiff checkmarks a box on his complaint indicating that he is bringing a claim against federal officials, it is obvious that no federal officials are involved in this case and this his claims are not brought as *Bivens* claims but are brought against Defendant under 42 U.S.C. §

Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant first asserts a technical defense, arguing that Plaintiff's claims are barred by the applicable one year statute of limitations because Plaintiff's lawsuit was filed more than one year after his claims accrued. Defendant then argues that: 1) Plaintiff's false arrest and false imprisonment claim are redundant claims; 2) probable cause existed for Plaintiff's arrests; 3) the canine search of Plaintiff's car was not unlawful; 4) any claim by Plaintiff for emotional distress is facially inadequate; 5) unlawful force was not used against Plaintiff during his arrest; and, 6) there are no facts alleges that support a "stalking" or conspiracy claim. Defendant further raises the defense of qualified immunity. *See* Defendant's Memorandum in Support (Docket Entry No. 6). Defendant attaches to her motion the arrest warrants and affidavits for Plaintiff's two arrests and copies of the dockets for the state criminal proceedings. *See* Docket Entry Nos. 5 through 5-4.

Plaintiff's response is extremely difficult to follow. It is styled as both an opposition to the request for dismissal, as well as a "motion to stay proceedings." *See* Docket Entry No. 7. However, Plaintiff does not actually request a stay of the current proceedings, let alone present an argument supporting such a request. Additionally, the response is written in part in the third person, referring to Plaintiff as "my client," and parts of the response appear to possibly be copied from a transcript of some other court proceedings. The response repeatedly emphasizes the importance of "Code 3739," but it is not clear what "Code 3739" is or why it is important, and parts of the response appear to be directed at issues occurring in the state criminal proceedings or to be part of Plaintiff's defense to the criminal charges. Although very little of

---

1983 because she is a state or local official who has acted under color of state law.

the response is specifically directed to the dismissal arguments raised by Defendant, Plaintiff does contend that his constitutional rights have been violated and that relief under Section 1983 is warranted. He also presents a brief rebuttal to Defendant's statute of limitations argument, appearing to argue that he was not required to file his claims until he was found innocent of the state criminal charges or the charges were dropped. *Id*. at 4.

In a reply, Defendant contends that Plaintiff's response was not timely filed within fourteen days after the motion to dismiss, as required by Local Rule 7.01(3), and should not be considered. *See* Reply (Docket Entry No. 9) at 4. Defendant further reiterates her dismissal arguments and contends that there are no arguments set out in Plaintiff's response that rebut the motion to dismiss.

## III. STANDARD OF REVIEW

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), cited in *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn.

2018). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). Because Plaintiff is a *pro se* litigant, the Court is required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *Pro se* litigants, however, are not exempt from the pleading requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot supply or assume facts that are not pled or create claims that are not actually raised. *See Brown v. Matauszak*, 415 F.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (a court is not required to create a plaintiff's claim for him from fragmentary and conclusory allegations).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

Although a statute-of-limitations defense, as an affirmative defense, is more properly raised in a Rule 56 motion for summary judgment, rather than Rule 12(b)(6), *see Busler v. Nissan N. Am., Inc.*, 688 F.Supp.3d 668, 686 (M.D. Tenn. 2023), such a defense is nonetheless appropriate for review in the context of a Rule 12(b)(6) motion when it is apparent from the face of the complaint and from appropriate, related filings that a plaintiff's claims are time-barred. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

## IV. ANALYSIS

Defendant's statute of limitations defense has merit. Section 1983 provides a plaintiff with a right to seek damages from any person who has acted under color of state law to deprive the plaintiff of "any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. Like any civil claim, a claim under Section 1983 is subject to a statute of limitations that requires the claim to be brought within a certain time period. Although Section 1983 lacks its own statute of limitations, courts look to state law to determine the appropriate filing period. *See Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024).

It is beyond dispute that the statute of limitations for Section 1983 claims that arise in Tennessee is the one year limitations period set out in Tenn. Code Ann. § 28-3-104(a)(1)(B). *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff's argument that this limitations period does not apply to his claims is simply incorrect.

Although the duration of the applicable filing limitations period is governed by state law, the question of when the time period begins to run is determined by federal law. *Wallace v.*

*Kato*, 549 U.S. 384, 388 (2007); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Generally, the filing period begins to run when a plaintiff knows or should have known of the injury or basic facts that form the basis of the claim. *Eidson*, 510 F.3d at 635; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Alternatively, the Sixth Circuit has suggested that the filing period for a Section 1983 claim beings to run when the plaintiff has a complete and present cause of action that can be raised in court. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021).

Plaintiff's Fourth Amendment claims for illegal searches incident to his arrests and for the use of excessive force during his second arrest are claims that are premised upon the events that occurred when he was arrested on March 8, 2023, and May 20, 2023. These claims clearly accrued on the dates of the arrests because Plaintiff was aware at that time of the searches of his vehicle and of the alleged use of force against him. Accordingly, he knew or should have known of the injuries and basic facts that formed the basis of the claims or, alternatively, had complete and present causes of action that he could pursue. However, Plaintiff's lawsuit was not filed until June 8, 2024, more than one year after the claims accrued. The claim are thus barred by the statute of limitations. *See Harper v. Jackson*, 293 F.App'x 389, 392 n.1 (6th Cir. 2008) (Fourth Amendment claim for illegal search accrues on the date of the alleged illegal search); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (Fourth Amendment claim for excessive use of force during arrest accrues at the time of the arrest); *Abbey v. Metro. Gov't of Nashville & Davidson Cnty.*, Case No. 3:23-CV-00300, 2025 WL 1901344, at **2-4 (M.D. Tenn. July 9, 2025) (Crenshaw, J.) (claims for unlawful seizure/false arrests, unreasonable search, and excessive force each accrued at the time of the plaintiff's arrest and were required to

have been filed within one year of the arrest) *aff'd in pertinent part* __ F.4th ___, 2026 WL 2070292, at *3-5 (6th Cir. July 17, 2026).

Plaintiff's false arrest and false imprisonment claims are likewise barred by the statute of limitations. These distinct but related claims[3] accrued at the time Plaintiff was held pursuant to the legal process after his arrest. *See Wallace*, 549 U.S at 389; *Codrington v. Dolak*, 142 F.4th 884, 892 (6th Cir. 2025); *Dibrell*, 984 F.3d at 1162. Generally, an arrestee is "held pursuant to legal process" when certain actions occur pertaining to the charges for which he was arrested, such as being bound over by a magistrate, formally charged, or arraigned on charges. *See Wallace*, *supra*; *Codrington*, *supra*; *Dibrell*, *supra.*

In this case, the arrest warrants and the related state court criminal dockets show that Plaintiff was released on bond after being brought before a judicial commissioner in the hours after his arrests. These records further show that the charges arising from the second arrest were bound over to the grand jury after a hearing on May 31, 2023, and Plaintiff's own complaint states that the charge from the first arrest was dismissed on June 6, 2023. Accordingly, even the latest of these events occurred more than one year prior to Plaintiff's filing of his lawsuit on June 8, 2024. The claims were not timely raised and are barred by the statute of limitations. *See Dibrell*, 984 F.3d at 1162 (finding that Section 1983 claims based on arrest and initial detention accrued when "detention ended," upon plaintiff's appearance before magistrate and release on bond); *Green v. Robles*, No. 3:25-CV-01069, 2026 WL 1452440, at *4 (M.D. Tenn. May 22, 2026)

---

[3] The Sixth Circuit has recognized that, although false arrest and false imprisonment claims are distinct claims, the claims are functionally the same and can be referred to as a single claim when a false imprisonment claim arises out of an alleged false arrest, *See Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020). Because the Court finds that the statute of limitations bars the Plaintiff's false arrest and false imprisonment claims, the Court sees no purpose in parsing out the claims and

(dismissing false arrest and false imprisonment claims as untimely); *Jordan v. City of Murfreesboro, Tennessee*, No. 3:26-CV-00013, 2026 WL 1419048, at *3 (M.D. Tenn. May 20, 2026) (dismissing Fourth Amendment claims related to arrest as untimely because claims were brought more than one year after the plaintiff was released on bond after his arrest); *Abbey*, *supra*.

Plaintiff appears to argue that he was not required to bring his claims until the criminal proceedings against him had concluded in his favor and that his claims should thus be viewed as timely raised.[4] This argument is mistaken. *See Abbey,* 2026 WL 2070292, at *5; *Smith v. Tennessee*, No. 3:14-CV-02003, 2015 WL 5330479, at *5 (M.D. Tenn. Sept. 11, 2015) (Campbell, J.) (rejecting plaintiff's argument that he could not file suit on false arrest claims until resolution of the criminal charges arising out of his arrest and finding that the claim was not timely brought); *Hight v. Cox,* No. 3:13-CV-00367, 2013 WL 6096784, at *7 (M.D. Tenn. Nov. 20, 2013) (Trauger, J.) (same).

Plaintiff's remaining claims are for "conspiracy against right," stalking, and "Fourth Amendment Constitutional Right of the Valley State Officials." The latter two claims simply fail to assert cognizable legal claims. The Court is unable to discern what Plaintiff means by "Fourth Amendment Constitutional Right of the Valley State Officials," and there is no federal, private right of action for stalking. *Murray v. Williams*, 2016 WL 1122050, at *10 (E.D. Tenn. Mar. 22, 2016) ("because federal stalking does not contain a private right of action, plaintiffs' claims of federal stalking will be dismissed.). Only the claim for a civil conspiracy asserts an actual, cognizable claim. However, this claim is likewise subject to the one year statute of limitations and is

---

striking one of them as redundant as requested by Defendant in her motion.

[4] Although Defendant is correct that Plaintiff's response is not timely under the Local Rules and that the motion to dismiss could thus be viewed as unopposed, the Court has exercised its

barred since the claim is based upon the events of March 8, 2023, and May 20, 2023, which occurred more than one year prior to the filing of this lawsuit. Even if timely asserted, however, there are no facts alleged in the complaint that would even remotely support such a claim, which must be pled with some degree of specificity. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).

Because the Court finds that dismissal of this entire case is warranted for the reasons set out *supra*, the Court finds it unnecessary to address any of Defendant's alternative arguments for dismissal. Additionally, Plaintiff's arguments concerning the merits of his claims and his belief that probable cause did not exist for his arrests are simply not pertinent given the Courts finding that his claims were not timely brought and are barred by the statute of limitations. *See Abbey*, 2026 WL 2070292, at *5; *Hall v. City of Williamsburg, Kentucky*, 2017 WL 11708230, at *1 (E.D. Ky. June 1, 2017) (the plaintiff's claims for false arrest and false imprisonment are subject to dismissal as untimely despite his assertion that probable cause did not exist).

**RECOMMENDATION**

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 4) filed by Defendant Lyssed Pacheco be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE.**

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Three (3) additional days are added to this time for service by mail. Fed. R. Civ. P. 6(d). Service is complete upon mailing.

---

discretion to consider Plaintiff's response in light of his *pro se* status.

Fed. R. Civ. P. 5(b)(2)(C). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge