IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTWON CORNELIUS JONES, )
)
    Plaintiff, )
) NO. 3:25-cv-00863
v. )
) JUDGE RICHARDSON
OFFICER LYSSED PACHECO, )
)
    Defendant. )
)

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 13, "R&R") of the

Magistrate Judge, which recommends that the Court grant the motion to dismiss (Doc. No. 4,

"Motion") that was filed by Defendant, Officer Lyssed Pacheco, and that seeks to dismiss the

complaint (Doc. No. 1-1) of Plaintiff, Antwon Cornelius Jones, pursuant to Rule 12(b)(6) and Rule

12(f). (Doc. No. 13 at 1, 11). No objections to the R&R have been filed, and the time for filing

objections has now expired.[2]

Absent any objection to the factual and procedural background (regarding the underlying

circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R,

the Court adopts that background in its entirety and includes it immediately below for reference:

---

[1] Herein "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* parties, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on July 20, 2026, and as of August 10, 2026, Plaintiff has not filed any objections.

## I. BACKGROUND

Antwon Jones ("Plaintiff) is a resident of Clarksville, Tennessee. On June 8, 2024, he filed a *pro se* lawsuit in the Circuit Court for Montgomery County, Tennessee, against Clarksville Police Department Officer Lyssed Pacheco ("Defendant"). *See* Docket Entry No. 1-1. Plaintiff seeks 2.5 million dollars in damages under 42 U.S.C. § 1983 based on claims that his civil rights were violated by Defendant. Defendant timely removed the lawsuit to federal court on the basis of federal question jurisdiction, *see* Notice of Removal (Docket Entry No. 1), and thereafter filed the pending motion to dismiss in lieu of an answer.

Plaintiff's handwritten complaint sets out a narrative of events and he further attaches to his complaint a three page, typed letter, dated June 5, 2024, that is directed to a state court judge, as well as copies of two handwritten motions that appear to have been filed in state criminal court. Although the underlying facts of the case are not clearly set out, Plaintiff's lawsuit is based upon his interactions with Defendant that occurred when he was arrested by Defendant after traffic stops in Clarksville on March 8, 2023, and May 20, 2023, respectively. On both occasions, Plaintiff was stopped by Defendant for having either a broken taillight or an improper taillight. On the first occasion, Plaintiff was arrested after the stop and was taken into custody for driving on a suspended/revoked license. On the second occasion, Plaintiff refused to exit the vehicle after being stopped. After other officers arrived on the scene, Plaintiff was ultimately removed from the vehicle and a canine search around the vehicle occurred. The canine alerted to the presence of drugs in the vehicle and drug paraphernalia was discovered in the vehicle console after a search of the vehicle. Plaintiff was then arrested for improper vehicle lights, resisting arrest, and possession of unlawful drug paraphernalia. Plaintiff was again taken into custody. Although somewhat unclear, it appears that Plaintiff was taken into custody and booked/processed at the local jail after each arrest and released on bond. There are no allegations that Plaintiff was in custody other than the time periods between his arrests and his release on bond after being processed/booked in the charges.

Plaintiff disputes the legitimacy of the two traffic stops, contending that he had red "lens tape" covering his broken taillight, which he asserts that he used after having been stopped by another officer on a previous occasion three days earlier and told by the officer to use the "lens tape" to cover the taillight. He contends that Defendant's reason for stopping him was "made up," and he further disputes that his license was suspended, contending that it was actually a restricted license but that Defendant ignored the paperwork. He further contends that Defendant changed her arrest report on the first occasion to justify the stop. Plaintiff contends that Defendant "stalked" him on the second occasion and that it was a conflict of interest for Defendant to stop him and ask him to exit his vehicle given what had occurred during the prior traffic stop. He asserts that he demanded to call his lawyer and that

he was not required to exit his vehicle, but that other officers were called to the scene and that he was pulled out of his vehicle without being asked any questions. Plaintiff contends that body-cam footage from the officers would verify his account of what occurred.

Again, although somewhat unclear from the complaint, it appears that the charge from the first arrest was dismissed on June 6, 2023, and that the charges from the second arrest were "bound over" in May 2023 after a court appearance. *See* Docket Entry 1-1 at 11. Plaintiff also makes allegations directed at the state court proceedings, alleging that that documents in the state proceedings were forged, that he did not agree to waive a preliminary hearing, that he has had to represent himself, and that he has been denied body-cam footage from the officers.

Based upon these events, Plaintiff asserts that following claims against Defendant under Section 1983: 1) false imprisonment (twice); 2) false arrest; 3) excessive force/assault; 4) unlawful search; 5) "conspiracy against rights;" 6) stalking; and, 7) "Fourth Amendment Constitutional Right of the Valley State Officials." *Id.* at 3.

## II. MOTION TO DISMISS, RESPONSE, AND REPLY

Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant first asserts a technical defense, arguing that Plaintiff's claims are barred by the applicable one year statute of limitations because Plaintiff's lawsuit was filed more than one year after his claims accrued. Defendant then argues that: 1) Plaintiff's false arrest and false imprisonment claim are redundant claims; 2) probable cause existed for Plaintiff's arrests; 3) the canine search of Plaintiff's car was not unlawful; 4) any claim by Plaintiff for emotional distress is facially inadequate; 5) unlawful force was not used against Plaintiff during his arrest; and, 6) there are no facts alleges that support a "stalking" or conspiracy claim. Defendant further raises the defense of qualified immunity. *See* Defendant's Memorandum in Support (Docket Entry No. 6). Defendant attaches to her motion the arrest warrants and affidavits for Plaintiff's two arrests and copies of the dockets for the state criminal proceedings. *See* Docket Entry Nos. 5 through 5-4.

Plaintiff's response is extremely difficult to follow. It is styled as both an opposition to the request for dismissal, as well as a "motion to stay proceedings." *See* Docket Entry No. 7. However, Plaintiff does not actually request a stay of the current proceedings, let alone present an argument supporting such a request. Additionally, the response is written in part in the third person, referring to Plaintiff as "my client," and parts of the response appear to possibly be copied from a transcript of some other court proceedings. The response repeatedly emphasizes the importance of "Code 3739," but it is not clear what "Code 3739" is or why it is

important, and parts of the response appear to be directed at issues occurring in the state criminal proceedings or to be part of Plaintiff's defense to the criminal charges. Although very little of the response is specifically directed to the dismissal arguments raised by Defendant, Plaintiff does contend that his constitutional rights have been violated and that relief under Section 1983 is warranted. He also presents a brief rebuttal to Defendant's statute of limitations argument, appearing to argue that he was not required to file his claims until he was found innocent of the state criminal charges or the charges were dropped. *Id.* at 4.

In a reply, Defendant contends that Plaintiff's response was not timely filed within fourteen days after the motion to dismiss, as required by Local Rule 7.01(3), and should not be considered. *See* Reply (Docket Entry No. 9) at 4. Defendant further reiterates her dismissal arguments and contends that there are no arguments set out in Plaintiff's response that rebut the motion to dismiss.

(Doc. No. 13 at 1-5 (footnotes omitted)). The Magistrate Judge concluded that the Motion (Doc. No. 4) should be granted and that this action should be dismissed with prejudice. (Doc. No. 13 at 11).[3]

No party has filed objections to the R&R, and the time to file objections has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions

---

[3] As noted above, Defendant argued that dismissal was warranted under both Rule 12(b)(6) and Rule 12(f). (Doc. No. 4 at 1). The Magistrate Judge appears to have recommended that this action be dismissed solely under Rule 12(b)(6). (Doc. No. 13 at 5-7).

of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 13) is adopted and approved. Accordingly, the Motion (Doc. No. 4) is **GRANTED**, and this action is **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE